1  Deon L. Thomas, Pro Se'
2  14626 Red Gum Street
   Moreno Valley, CA 92555
3  951-413-9071/951-242-7015
   dlthomas32@gmail.com
4



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Deon L. Thomas Pro Se'     )
Plaintiff                   )     Case No: CV11-06873 PA (DTBx)
                            )
V.                          )     **FIRST AMENDED COMPLAINT**
                            )
                            )     **Fair Credit Reporting Act Violations**
First Premier Bank, aka, Premier Bankcard, )
Inc., aka, Premier Bankcard, LLC, aka,     )     and
Premier Bankcard Holdings, LLC and         )
                            )     **DEMAND FOR JURY TRIAL**
Does 1 through 10           )

TO THE CLERK OF THE COURT AND TO THE DEFENDANTS HEREIN:
## INTRODUCTION

**1. Comes now** the Plaintiff Deon L. Thomas :

Plaintiff's Complaint is based on the Fair Credit Reporting Act *15 U.S.C. § 1681, et seq.* (hereinafter "FCRA") which was enacted to ensure accuracy and fairness in credit reporting. This is an action for damages brought by an individual consumer. Under 15 U.S.C. 1681a(c). Definitions; Rules of Construction, the term "consumer" means an individual.

2. At all times hereinafter mentioned, The Plaintiff is a resident of State of California in County of Riverside, and violation occurred here, From here forward Deon L. Thomas, a natural person, (hereinafter Plaintiff).

3. The Plaintiff brings this action to the fact as to how an alleged account was or was not reported correctly and reporting of erroneous and inaccurate information. The Defendant **failed**

to mark alleged account in dispute, continuing updating monthly erroneous and inaccurate information in the Plaintiffs Credit reports, and failed to provide proof of the alleged account. The Defendant continued their wrongful actions by reporting erroneous and inaccurate information of the alleged account in Plaintiff credit report, in which, violated the civil rights of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, et seq. The alleged debt or any monies alleged to be owed are not in question here, but the fact as to how the wrongful action of the Defendant violated Plaintiff Civil Rights.

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises pursuant to *15 U.S.C. §1681p* and which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. The Defendant First Premier Bank, aka, Premier Bankcard, Inc., aka, Premier Bankcard, LLC, aka, Premier Bankcard Holdings, LLC are organizations. (Sioux Falls, South Dakota), is a business entity, form unknown, (hereinafter Defendant). The Defendant is a Credit Lender/Information Provider, and do business in the State of California and violations occurred here, as such is governed under the law by The Fair Credit Reporting Act 618[15 USC *§1681] et seq*. The Defendant reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis. The Defendant has its corporate offices at 601 South Minnesota Avenue, Sioux Falls, SD 57104, and sister organizational address is 3820 North Louise Avenue, Sioux Falls, SD, 57107. The State of California abides by and adheres to these laws, specifically, the Fair Credit Reporting Act *15 USC §1681, et seq.*

6. Thus, establishing proper venue and jurisdiction of this honorable court.

7. Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names of DOES 1 through 10 inclusive. Each of the fictitiously named Doe Defendants is responsible in some manner for the wrongdoing alleged herein and is liable for the damages recoverable by Plaintiff. Plaintiff shall amend this Complaint accordingly to substitute the true names and capacities of DOES 1 through 10 if and when ascertained.

8. The Plaintiff brings this action to the fact as to how an alleged account was or was not reported correctly and reporting of erroneous and inaccurate information. The Defendant **failed**

2

FIRST AMENDED COMPLAINT

**to mark alleged account in dispute, continuing updating monthly erroneous and inaccurate information** in the Plaintiffs Credit reports, and **failed to provide proof of the alleged account**. The Defendant continued their wrongful actions by reporting erroneous and inaccurate information of the alleged account in Plaintiff credit report, in which, <u>violated the civil rights</u> of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681. The alleged debt or any monies alleged to be owed are not in question here, but the fact as to how the wrongful action of the Defendant <u>violated Plaintiff Civil Rights.</u>

### "DEMAND FOR JURY TRIAL"

9. Plaintiff "DEMAND FOR JURY TRIAL", pursuant to Fed. R. Civil P. 38.

REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES.

Plaintiff respectfully Demand that this Honorable Court instruct the jury, as the Trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendant under the provisions of the Fair Credit Act and/or states laws.

### PRELIMINARY STATEMENT

10. The Defendant is a Credit Lender/Information Provider as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer. Under the facts pled in this case, Plaintiff has set forth a cognizable claim as to why Defendant failed to comply with the FCRA, and request relief.

### INTRODUCTION

11. On or about Dec. 2010 the Plaintiff obtained copies of his credit reports from the three national credit reporting agencies Trans Union, Experian and Equifax. Upon inspection the Plaintiff found that the Defendant has been reporting erroneous and inaccurate information in all three Credit Reporting Agencies-Trans Union, Experian, and Equifax.

12. On or about Feb. 28, 2011 Plaintiff join a credit monitoring service named "Privacy Guard" to monitor the national reporting agencies, Trans Union, Experian, and Equifax. The Plaintiff Disputed with Defendant **asking for proof of the alleged account they reported**, on or

3

FIRST AMENDED COMPLAINT

about Feb. 24, 2011 via U.S. Postal Service Certified Mail Return Receipt and said letter was received by Defendant on or about Feb. 28, 2011, as identified on the return receipt.

13. The Defendant continues reporting erroneous and inaccurate information after being informed by the CRA's, and did not do an reasonable investigation, even after receipt of dispute letter. The Defendant did not mark Plaintiff credit report account as "disputed" with the Credit Reporting Agencies, and as of today's date it still does not say 'dispute", as documented in the monthly updated credit reports supplied by monitoring service.

14. The Defendant failed to conduct a corresponding reasonable investigation of accuracy upon the dispute letter they received from Plaintiff, also once CRA's contacted them of dispute from Plaintiff, they are required to reasonably investigate and have the systems in place to prevent errors, which are the Defendant responsibility. The Defendant **failed to mark the alleged account in dispute, continuing updating on a monthly basis erroneous and inaccurate information** in the Plaintiffs Credit reports **after being duly informed by CRA's,** and **failed to provide proof of the alleged account.**

15. The Plaintiff contacted the three national credit reporting agencies; Experian, Equifax, and TransUnion, via the U.S Postal Service with a "Letter of Dispute" to have them reinvestigate the erroneous and inaccurate reporting by Defendant. The letters were also sent U.S Postal Service Certified Mail, with return receipts as follows:

16. Trans Union, the Plaintiff disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt on March 7, 2011 and said letter was received on March 10, 2011.

17. Experian, the Plaintiff disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt on March 7, 2011 and said letter was received on March 10, 2011.

18. Equifax, the Plaintiff disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt on March 7, 2011 and said letter was received on March 11, 2011.

19. All Credit Reporting Agencies listed above sent a consumer disclosure to Plaintiff stating that they have contacted the Defendant and they "Confirm" that the information is being

4

FIRST AMENDED COMPLAINT

reported correctly and "Verified". The Plaintiff can show the Defendant did not conduct a reasonable investigation once they were contacted by CRA's.

20. The Defendant must inform the Three Major Credit Reporting Agencies that the alleged account of Plaintiff is "Disputed", which the Defendant has not done as of today's date. The Defendant has damaged the Plaintiff Credit Report, Credit Score, and Reputation by continued reporting and updating monthly erroneous and inaccurate information in the Plaintiff credit report for more than six months. The Defendant failed to provide proof, of the disputed information they sent to the CRA of the alleged account. The Defendant is in violation of FCRA pursuant to *15 U.S.C. § 1681 et seq. Therefore,* Plaintiff have no other choice but to seek relief through this Honorable Court.

21. On or about August 11, 2011 Defendant received a notice of pending lawsuit, the Plaintiff have made every effort to resolve these issues amicably with the Defendant, the Defendant would not meet and confer with Plaintiff. The Defendant would not come to the table to resolve these issues, which lead to no other recourse for this Plaintiff but to seek justice by this honorable court.

22. The Defendant is in violation the Fair Credit Reporting Act [15 U.S.C. § 1681s-2], *et seq.* As follows:

    A. Failure to inform the Equifax, Experian, and TransUnion reporting agencies that the alleged account is in dispute and failing to do so for the past six months.

    B. Updating the Plaintiffs Equifax, Experian, and TransUnion credit reports over the past six months with this erroneous and inaccurate information.

    C. Defendant failure to conduct a corresponding reasonable investigation concerning the Plaintiff's complaint, and failed to provide any proof of the disputed alleged account.

*23. Plaintiff re-alleges the allegation set forth in paragraph 1-22.*

## Count I against the Defendant under FCRA
## violation of 15 U.S.C. § 1681s-2(b)

24. **The Plaintiff properly notified the credit reporting agency, Trans Union, Experian, and Equifax of a dispute** regarding complete inaccuracy of information reported by Defendant (See.

5

FIRST AMENDED COMPLAINT

¶¶16-18). The Defendant continues to issue and/or publish report(s) to the various credit reporting agencies which contained erroneous, inaccurate and false information about the Plaintiffs month after month, **and did not conduct a reasonable investigation.**

25. The **Defendant has not placed Plaintiff's credit report in dispute** when they received a dispute letter on or about Feb. 28, 2011, and is still undisputed as of today's date in all three credit reporting bureaus. The **Defendant has failed to indicate that the alleged account is in dispute.**

26. The Plaintiff asserts that he received notification that the **Defendant was notified by the consumer reporting agencies of a dispute from Plaintiff**, indicating the accuracy and completeness of information provided by the agencies of his dispute, pursuant to section 1681(i), and Defendant failed to (1) conduct a reasonable investigation, (2) review any information provided by the CRA, (3) report the results of the investigation to the CRA, (4) report any inaccuracies to all CRAs which may have received the inaccurate information, and (5) correct any inaccuracies in the information it provides.

27. The Defendant failed to reasonably investigate once notified from the CRA's and the Plaintiff of a dispute. The **Defendant failed to provide to the Plaintiff proof of the alleged account,** or information that is of substantive relevance to its investigation, yet the Defendant continues to publish inaccuracies to the CRA . The Defendant knew it possessed inaccurate information, and consciously avoided such knowledge. The Defendant failed to go beyond the information contained on its computer screens.

28. The Plaintiff can prove/provide beyond doubt; (1) that he filed a Dispute with the CRA's concerning the inaccuracy of information furnished by Defendant; (2) that Defendant was notified of a dispute by the CRA's about Plaintiff's dispute; (3) that Defendant was notified of Dispute of inaccurate and erroneous information by Plaintiff; and (4) that Defendant failed to conduct a corresponding reasonable investigation concerning the Plaintiff's dispute, failed to mark plaintiff account in dispute, and failed to provide any proof of the alleged account.

29. As a result the Defendant has Damaged Plaintiff Credit Score, Credit Report and Reputation by saying he doesn't pay his bills. As a result Plaintiff had credit denial, and higher interest rates.

FIRST AMENDED COMPLAINT

30. **FRCA Violation § 623(b) Duties of furnishers of information upon notice of dispute;15 U.S.C. § 1681s-2(b); 1681i**

1681s-2(b) places responsibility on furnishers of information when a consumer disputes the accuracy of the information. § 1681s-2(b) as "provid[ing] some private remedy to injured consumers".

31. The Plaintiff is entitled to statutory damages from Defendant, in the amount of $1,000.00 per incident. This incident has occurred daily since March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax, therefore;

32. **The Plaintiff is entitled to statutory damages in the amount of $1,000.00 from Defendant, per day from March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax.**

*33. Plaintiff re-alleges the allegation set forth in paragraph 24-32.*

### Count II against the Defendants under FCRA

34. The Defendant was sufficiently notified of the complete inaccurate and erroneous errors in Plaintiff's Credit Report. The Plaintiff sent a Dispute letter to Defendant on or about Feb. 24, 2011 via U.S. Postal Service Certified Mail Return Receipt and said letter was received on Feb. 28, 2011, as identified on the return receipt

35. The Defendant continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information about the plaintiffs. The plaintiff has disputed with the Defendant and all three credit reporting agencies in the same time frame and the -Defendant has not complied within the FCRA. The Defendant continued reporting the erroneous and inaccurate information month after month after being informed of dispute by the CRA's of Plaintiff claim of FCRA violations.

36. The Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's reputation by saying that the Plaintiff doesn't pay his bills.

37. As a result Plaintiff had credit denial, and higher interest rates. The Plaintiff can prove beyond doubt; (1) that he filed a Dispute with the CRA's concerning information furnished by Defendant; (2) that Defendant was notified of any dispute by the CRA's; (3) that Defendant was

7

FIRST AMENDED COMPLAINT

notified of Dispute of inaccurate and erroneous information by Plaintiff; and (4) that Defendant failed to conduct a reasonable investigation concerning a Plaintiff's complaint.

38. <u>**Reporting erroneous and inaccurate information According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies:**</u>

39. The Plaintiff is entitled to statutory damages from Defendant for continues collection activity, in the amount of $1,000.00 per incident. This incident has occurred daily since March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax, therefore;

40. **The Plaintiff is entitled to statutory damages in the amount of $1,000.00 from Defendant First Premier Bank, per day from March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax.**

41. *Plaintiff re-alleges the allegation set forth in paragraph 34-40.*

### Count III against the Defendants under FCRA

42. The Defendant who were aware of their violations and failed to comply or mitigate the issues, with **willful noncompliance** and failed to mark Plaintiff credit report in dispute is in violation of the FCRA.

43. Defendant failed to correct the Plaintiffs credit reports, even after being informed of dispute from CRA's and continued reporting erroneous information after being duly informed, which is in violation of the FCRA. The Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's reputation by saying that the Plaintiff doesn't pay his bills.

44. As a result Plaintiff had credit denial, and higher interest rates. Any person who willfully fails to comply with any requirement of this Act with respect to any consumer is liable to that consumer for actual damages, attorney fees and cost as court may allow.

45. **Civil liability for willful noncompliance [15 U.S.C. § 1681n]; FCRA Section 616**
The Plaintiff is entitled to damages from Defendant for willful noncompliance, in the amount of $1,000.00 per incident. This incident has occurred daily since March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax, therefore;

FIRST AMENDED COMPLAINT

46. **The Plaintiff is entitled to statutory damages in the amount of $1,000.00 from Defendant First Premier Bank, per day from March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax.**

47. *Plaintiff re-alleges the allegation set forth in paragraph 42-46.*

///

///

### Count IV against Defendant under FCRA

48. The Defendant who were aware of their violations and failed to comply or mitigate the issues, with **negligent noncompliance and continued** reporting erroneous information is in violation of the FCRA.

49. Defendant failed to correct the Plaintiffs credit reports, even after being informed of dispute from CRA's and continued reporting erroneous information after being duly informed, which is in violation of the FCRA. The Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's reputation by saying that the Plaintiff doesn't pay his bills.

50. As a result Plaintiff had credit denial, and higher interest rates. Any person who negligently fails to comply with any requirement of this Act with respect to any consumer is liable to that consumer for actual damages, attorney fees and cost as court may allow.

51. **Civil liability for negligent noncompliance [15 U.S.C. § 1681o]; FCRA Section 617**
The Plaintiff is entitled to damages from Defendant for negligent noncompliance, in the amount of $1,000.00 per incident. This incident has occurred daily since March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax, therefore;

52. **The Plaintiff is entitled to statutory damages in the amount of $1,000.00 from Defendant First Premier Bank, per day from March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax.**

53. As this honorable court may allow this Plaintiff to reserve the right to amend his complaint to add the violation of California Consumer Protection Act, also known as Rosenthal Act. The Plaintiff would also like to reserve his rights to amend his complaint to add the Cal. Bus. & Prof. Codes.

54. *Plaintiff re-alleges the allegation set forth in paragraph 48-53.*

9

FIRST AMENDED COMPLAINT

## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

WHEREFORE, Plaintiff respectful requests that relief be granted as follows:

a. For actual damages according to proof, plus interest thereon as provided by law;

b. For pre and post judgment interest;

c. For general damages;

d. For treble damages;

e. For award to Plaintiff of Statutory and Actual damages;

f. For awards to Plaintiff of the cost of actual and reasonable Attorney General fees of $3000.00 as prescribed by law *Graziano v. Harrison, 950 F.2d 107,* 113 *(3d Cir. 1991),* 15 *U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d- (1997 WL 695401, 7th Cir.)* or *128 F. 3d 1164 (7th Cir., 1997).*

g. For any other damages the court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted this 29nd Day of August 2011.

_____

Deon L. Thomas, Pro Se', Without Prejudice, All Rights Reserved
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>

Name & Address:
Deon L. Thomas, Pro Se
14626 Red Gum Street
Moreno Valley, CA 92555

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| DEON L. THOMAS, PRO SE | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | 2:11-CV-06873-PA(DTBx) |
| First Premier Bank, aka, Premier Bankcard, Inc., aka, Premier Bankcard, LLC, aka, Premier Bankcard Holdings, LLC and Does 1 through 10 DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ ____First____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Deon L. Thomas, Pro Se_____, whose address is _14626 Red Gum Street, Moreno Valley, CA 92555_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP - 1 2011__  By: _____
                                    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)  SUMMONS