

William E. Ireland (Bar No. 115600)
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant First Premier Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS, | Case No. CV11-06873 PA (DTBx) |
| Plaintiff, | ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL |
| vs. | |
| FIRST PREMIER BANK, and Does 1 through 10, | |
| Defendant. | |

Pursuant to F.R.C.P. Rule 12, Defendant First Premier Bank ("First Premier") hereby answers and otherwise responds to the Complaint of Plaintiff Deon L. Thomas ("Plaintiff") as follows:

1.      Defendant responds to the paragraphs of the Complaint, as if they were numbered, as follows:

2.      In response to the allegations of the first paragraph of the Complaint, Defendant, on information and belief, admits the allegations.

3.      In response to the allegations of the second paragraph of the Complaint, Defendant, on information and belief, admits, except that Defendant denies that any so-called "violation" occurred, whether as alleged or otherwise.

4.      In response to the allegations of paragraph 3 of the Complaint, Defendant denies the allegations.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

11000-0001052
3845477.1

1

Answer to Complaint; Demand for Jury Trial

5.     In response to the allegations of paragraph 4 of the Complaint, Defendant admits the allegations except that it denies that any so-called "violation" occurred, whether as alleged or otherwise.

6.     In response to the allegations of the paragraph 5 of the Complaint, Defendant admits only that it is a corporation organized under the laws of South Dakota.

7.     In response to the allegations of the paragraph 6 of the Complaint, Defendant, on information and belief, admits the allegations.

8.     In response to the allegations of paragraph 7, Defendant, can neither admit nor denies the allegations contained therein, and based thereon denies.

9.     In response to the allegations of paragraph 8 of the Complaint, Defendant, denies the allegations.  .

10.     In response to the allegations of paragraph 9 of the Complaint, Defendant, denies that the relief sought is recoverable in this action, whether as alleged or otherwise.

11.     In response to the allegations of the paragraph 10 of the Complaint, Defendant admits that FCRA 1681 can apply, but denies that any so-called "violation" occurred, whether as alleged or otherwise.

12.     In response to the allegations of paragraph 11, Defendant, can neither admit nor denies the allegations contained therein, and based thereon denies.

13.     In response to the allegations of paragraph 12, Defendant, can neither admit nor denies the allegations contained therein, and based thereon denies.

14.     In response to the allegations of paragraph 13, Defendant denies the allegations.

15.     In response to the allegations of paragraph 14, Defendant denies the allegations.

16.     In response to the allegations of paragraph 15, Defendant, can neither admit nor denies the allegations contained therein, and based thereon denies.

17.     In response to the allegations of paragraph 16, Defendant, can neither admit nor denies the allegations contained therein, and based thereon denies.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

11000-0001052
3845477.1

2

Answer to Complaint; Demand for Jury Trial

1      18.    In response to the allegations of paragraph 17, Defendant, can neither admit

2 nor denies the allegations contained therein, and based thereon denies.

3      19.    In response to the allegations of paragraph 18, Defendant, can neither admit

4 nor denies the allegations contained therein, and based thereon denies.

5      20.    In response to the allegations of paragraph 19, Defendant, can neither admit

6 nor denies the allegations contained therein, and based thereon denies.

7      21.    In response to the allegations of paragraph 20, Defendant, can neither admit

8 nor denies the allegations contained therein, and based thereon denies.

9      22.    In response to the allegations of paragraph 21, Defendant, can neither admit

10 nor denies the allegations contained therein, and based thereon denies.

11      23.    In response to the allegations of paragraph 22, Defendant denies the

12 allegations.

13      24.    In response to the allegations of paragraph 23, Defendant incorporates by

14 reference its responses to the allegations contained in paragraphs 1-22 as though fully set

15 forth herein.

16      25.    In response to the allegations of paragraph 24, Defendant, can neither admit

17 nor denies the allegations contained therein, and based thereon denies.

18      26.    In response to the allegations of paragraph 25, Defendant, can neither admit

19 nor denies the allegations contained therein, and based thereon denies.

20      27.    In response to the allegations of paragraph 26, Defendant, can neither admit

21 nor denies the allegations contained therein, and based thereon denies.

22      28.    In response to the allegations of paragraph 27, Defendant denies the

23 allegations.

24      29.    In response to the allegations of paragraph 28, Defendant, can neither admit

25 nor denies the allegations contained therein, and based thereon denies.

26      30.    In response to the allegations of paragraph 29, Defendant, can neither admit

27 nor denies the allegations contained therein, and based thereon denies.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

11000-0001052
3845477.1

3

Answer to Complaint; Demand for Jury Trial

1    31.    In response to the allegations of paragraph 30, Defendant, can neither admit

2  nor denies the allegations contained therein, and based thereon denies.

3    32.    In response to the allegations of paragraph 31, Defendant denies that Plaintiff

4  is entitled to relief of any kind, whether as alleged or otherwise.  .

5    33.    In response to the allegations of paragraph 32, Defendant denies that Plaintiff

6  is entitled to relief of any kind, whether as alleged or otherwise.

7    34.    In response to the allegations of paragraph 33, Defendant incorporates by

8  reference its responses to the allegations contained in paragraphs 24-32 as though fully set

9  forth herein.

10    35.    In response to the allegations of paragraph 34, Defendant, can neither admit

11  nor denies the allegations contained therein, and based thereon denies.

12    36.    In response to the allegations of paragraph 35, Defendant, can neither admit

13  nor denies the allegations contained therein, and based thereon denies.

14    37.    In response to the allegations of paragraph 36, Defendant, can neither admit

15  nor denies the allegations contained therein, and based thereon denies.

16    38.    In response to the allegations of paragraph 37, Defendant denies the

17  allegations.

18    39.    In response to the allegations of paragraph 38, Defendant, can neither admit

19  nor denies the allegations contained therein, and based thereon denies.

20    40.    In response to the allegations of paragraph 39, Defendant denies that Plaintiff

21  is entitled to relief of any kind, whether as alleged or otherwise.

22    41.    In response to the allegations of paragraph 40, Defendant denies that Plaintiff

23  is entitled to relief of any kind, whether as alleged or otherwise. .

24    42.    In response to the allegations of paragraph 41, Defendant incorporates by

25  reference its responses to the allegations contained in paragraphs 34-40 as though fully set

26  forth herein.

27    43.    In response to the allegations of paragraph 42, Defendant denies the

28  allegations.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

11000-0001052
3845477.1

4

Answer to Complaint; Demand for Jury Trial

44.     In response to the allegations of paragraph 43, Defendant, can neither admit nor denies the allegations contained therein, and based thereon denies.

45.     In response to the allegations of paragraph 44, Defendant, can neither admit nor denies the allegations contained therein, and based thereon denies.

46.     In response to the allegations of paragraph 45, Defendant denies that Plaintiff is entitled to relief of any kind, whether as alleged or otherwise. .

47.     In response to the allegations of paragraph 46, Defendant denies that Plaintiff is entitled to relief of any kind, whether as alleged or otherwise.

48.     In response to the allegations of paragraph 47, Defendant incorporates by reference its responses to the allegations contained in paragraphs 42-46 as though fully set forth herein.

49.     In response to the allegations of paragraph 48, Defendant, can neither admit nor denies the allegations contained therein, and based thereon denies.

50.     In response to the allegations of paragraph 49, Defendant, can neither admit nor denies the allegations contained therein, and based thereon denies.

51.     In response to the allegations of paragraph 50, Defendant, can neither admit nor denies the allegations contained therein, and based thereon denies.

52.     In response to the allegations of paragraph 51, Defendant denies that Plaintiff is entitled to relief of any kind, whether as alleged or otherwise. .

53.     In response to the allegations of paragraph 52, Defendant denies that Plaintiff is entitled to relief of any kind, whether as alleged or otherwise. .

54.     In response to the allegations of paragraph 53, Defendant denies that Plaintiff is entitled to relief of any kind, whether as alleged or otherwise. .

55.     In response to the allegations of paragraph 54, Defendant incorporates by reference its responses to the allegations contained in paragraphs 48-53 as though fully set forth herein.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

11000-0001052
3845477.1

5

Answer to Complaint; Demand for Jury Trial

1
## FIRST AFFIRMATIVE DEFENSE

2
### (Failure to State a Claim)

3    19.    The Complaint, and each and every cause of action set forth therein, should

4 be dismissed for failure to state a claim upon which relief may be granted.

5
## SECOND AFFIRMATIVE DEFENSE

6
### (Compliance with Terms and Conditions)

7    20.    First Premier has complied in all respects with the terms and conditions of

8 the contracts entered into with Plaintiff, except as to those which its conduct is excused by

9 Plaintiff's action.

10
## THIRD AFFIRMATIVE DEFENSE

11
### (Laches)

12    21.    The claims asserted in the Complaint are barred to the extent that the

13 doctrine of laches is applicable.

14
## FOURTH AFFIRMATIVE DEFENSE

15
### (Waiver)

16    22.    The claims asserted in the Complaint are barred to the extent that the

17 doctrine of waiver is applicable

18
## FIFTH AFFIRMATIVE DEFENSE

19
### (Estoppel)

20    23.    The claims asserted in the Complaint are barred to the extent that the

21 doctrine of estoppel is applicable

22

23
## SIXTH AFFIRMATIVE DEFENSE

24
### (Unclean Hands)

25    24.    The claims asserted in the Complaint are barred to the extent that the

26 doctrine of unclean hands is applicable

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

11000-0001052
3845477.1

6

Answer to Complaint; Demand for Jury Trial

### SEVENTH AFFIRMATIVE DEFENSE

#### (Venue)

25. The Complaint should be dismissed because venue is improper.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to Satisfy Conditions Precedent)

26. Plaintiff has no right to seek recovery against First Premier insofar as Plaintiff has failed to satisfy all conditions precedent to maintaining some or all of the claims asserted against First Premier in this action.

### NINTH AFFIRMATIVE DEFENSE

#### (No Breach of Contract)

27. First Premier did not breach any contractual obligation that it owed to Plaintiff, including the implied covenant of good faith and fair dealing.

### TENTH AFFIRMATIVE DEFENSE

#### (Other Defenses)

28. Plaintiff has failed to set out its claims with sufficient particularity to permit First Premier to raise all appropriate defenses, and as such, First Premier reserves its rights to add additional defenses as a factual basis for these defenses become known.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Other Defenses)

29. Defendant further alleges that the Plaintiff's individual bankruptcy was accurately reported by the Defendant, together with its impact upon the Plaintiff's credit.

WHEREFORE, Defendant First Premier prays for relief as follows:

1. That the Court enter a judgment against Plaintiff in favor of Defendant;

2. That Defendant be awarded its fees and costs;

3. And for such other and further relief as this Court deems equitable, just and proper.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

11000-0001052
3845477.1

7

Answer to Complaint; Demand for Jury Trial

1

## **DEMAND FOR JURY TRIAL**

2        Defendant First Premier Bank demands a trial by jury on all claims for which a jury

3 trial is available.

4

5 Dated:  September _20_, 2011          HAIGHT BROWN & BONESTEEL LLP

6

7                             By:

8                                William E. Ireland
                                Attorneys for Defendant

9                                First Premier Bank

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

11000-0001052
3845477.1

8

Answer to Complaint; Demand for Jury Trial

1  William E. Ireland (Bar No. 115600)
   HAIGHT BROWN & BONESTEEL LLP
2  555 South Flower Street, Forty-Fifth Floor
   Los Angeles, California 90071
3  Telephone:  213.542.8000
   Facsimile:  213.542.8100
4
   Attorneys for Defendant First Premier Bank
5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  DEON L. THOMAS,                    )  Case No. CV11-06873 PA(DTBx)
                                       )
12              Plaintiff,             )  **NOTICE OF INTERESTED PARTY**
                                       )
13       vs.                           )
                                       )
14  FIRST PREMIER BANK, and Does 1     )
    through 10,                        )
15                                     )
                Defendant.             )
16  _____  )

17       To all Parties:

18       The undersigned, counsel of record for Defendant, First Premiere Bank, certifies

19  that the following party may have an interest in the outcome of this case:

20       1.       United National Corporation, a privately held South Dakota Corporation.

21

22  Dated:  September 19, 2011          HAIGHT BROWN & BONESTEEL LLP

23

24                                      By: _____

25                                         William E. Ireland
                                           Attorneys for Defendant
26                                         First Premier Bank

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

11000-0001052
3845474.1

1

Notice of Interested Party

Deon L. Thomas, Pro Se'
14626 Red Gum St.
Moreno Valley, CA 92555
951-413-9071
dltomas32@gmail.com

RECEIVED

SEP 02 2011

By _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Deon L. Thomas, Pro Se'

PLAINTIFF(S)

v.

First Premier Bank and Does 1 through 10

DEFENDANT(S).

CASE NUMBER

CV 11 - 0687

**NOTICE AND ACKNOWLEDGMENT OF
RECEIPT OF SUMMONS AND COMPLAINT**
(For use with State Service only)

To: First Premier Bank, aka, Premier Bankcard, Inc., aka, Premier Bankcard, LLC, aka, Premier Bankcard Holdings, LLC

The summons and complaint served herewith are being served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Section 415.30 of the California Code of Civil Procedure.

You may complete the acknowledgment part of this form and return the completed form to the sender within twenty (20) days.

If you are served on behalf of a corporation, unincorporated association including a partnership, or other entity, you must indicate under your signature your relationship to that entity and your authorization to receive process for that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate your authority under your signature.

**IF YOU DO NOT** complete and return the form to the sender within twenty (20) days, you (or the party on whose behalf you are being served), may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

**IF YOU DO** complete and return this form, you (or the party on whose behalf you are being served), must answer the complaint within the time provided in Rule 12 of the Federal Rules of Civil Procedure or judgment by default may be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on _August 22, 2011_ .

_____
Signature of Sender

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT
*(To be completed by recipient)*

I declare under penalty of perjury, that I received a copy of the summons and complaint in the above-captioned matter at

_____ on _____

Address                                                                                          Date

_____
Signature

_____
Relationship to Entity/Authority to Receive Service of Process

CV-21 (02/04)          NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

Deon L. Thomas, Pro Se'
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071/951-242-7015
dlthomas32@gmail.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Deon L. Thomas  Pro Se'          )
Plaintiff                        )          Case No: CV11-06873 PA (DTBx)
                                 )
V.                               )
                                 )          **FIRST AMENDED COMPLAINT**
First Premier Bank, aka, PREMIER )
Bankcard, Inc., aka, PREMIER     )          **Fair Credit Reporting Act Violations**
Bankcard,                        )
LLC, aka, PREMIER Bankcard Holding, LLC )
and Does 1 through 10            )                    **and**
Defendants                       )

                                            **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE COURT AND TO THE DEFENDANTS HEREIN:

**AMENDED COMPLAINT 1**

Plaintiff amends his complaint to correctly identify the Defendant as First Premier Bank, aka,

Premier Bankcard, Inc., aka, Premier Bankcard, LLC, aka, Premier Bankcard Holdings, LLC

The Plaintiff will include  FIRST PREMIER BANK, aka, PREMIER Bankcard, Inc.,  aka,

PREMIER Bankcard, LLC in the body of complaint.

Date: August 29, 2011

                                            Deon L. Thomas, Pro Se'
                                            14626 Red Gum St.
                                            Moreno Valley, CA 92555
                                            951-242-7015/951-413-9071
                                            <dlthomas32@gmail.com>

**CERTIFICATE OF SERVICE**

1
2
Plaintiff is servicing this First Amended Complaint to the Defendant First Premier Bank, aka,
3
Premier Bankcard, Inc., aka, Premier Bankcard, LLC, aka, Premier Bankcard Holdings, LLC on
4
or about 30ᵗʰ day of August 2011.  This Amended Complaint will be submitted to the court of
5
record on or about 30ᵗʰ day of August 2011.
6
7
8
9                                              Deon L. Thomas, Pro Se'
10                                             14626 Red Gum St.
                                               Moreno Valley, CA 92555
11                                             951-242-7015/951-413-9071
12                                             <dlthomas32@gmail.com>
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   to mark alleged account in dispute, continuing updating monthly erroneous and inaccurate

2   information in the Plaintiffs Credit reports, and failed to provide proof of the alleged account.

3   The Defendant continued their wrongful actions by reporting erroneous and inaccurate

4   information of the alleged account in Plaintiff credit report, in which, violated the civil rights of

5   the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, et seq. The

6   alleged debt or any monies alleged to be owed are not in question here, but the fact as to how

7   the wrongful action of the Defendant violated Plaintiff Civil Rights.

### JURISDICTION AND VENUE

8       4.   Jurisdiction of this court arises pursuant to 15 U.S.C. §1681p and which states that such

9   actions may be brought and heard before "any appropriate United States district court without

10   regard to the amount in controversy."

11      5.   The Defendant First Premier Bank, aka, Premier Bankcard, Inc., aka, Premier Bankcard, LLC,

12   aka, Premier Bankcard Holdings, LLC  are organizations. (Sioux Falls, South Dakota), is a business

13   entity, form unknown, (hereinafter Defendant). The Defendant is a Credit  Lender/Information

14   Provider, and do business in the State of California and violations occurred here, as such is governed

15   under the law by The Fair Credit Reporting Act 618[15 USC §1681] et seq. The Defendant reports

16   these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and

17   Innovis.  The Defendant has its corporate offices at 601 South Minnesota Avenue, Sioux Falls, SD

18   57104, and sister organizational address is 3820 North Louise Avenue, Sioux Falls, SD, 57107.  The

19   State of California abides by and adheres to these laws, specifically, the Fair Credit Reporting Act 15

20   USC §1681, et seq.

21      6.   Thus, establishing proper venue and jurisdiction of this honorable court.

22      7.   Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the

23   fictitious names of DOES 1 through 10 inclusive.  Each of the fictitiously named Doe Defendants is

24   responsible in some manner for the wrongdoing alleged herein and is liable for the damages

25   recoverable by Plaintiff.  Plaintiff shall amend this Complaint accordingly to substitute the true

26   names and capacities of DOES 1 through 10 if and when ascertained.

27      8.   The Plaintiff brings this action to the fact as to how an alleged account was or was not

28   reported correctly and reporting of erroneous and inaccurate information.  The Defendant failed

2

FIRST AMENDED COMPLAINT

to mark alleged account in dispute, continuing updating monthly erroneous and inaccurate information in the Plaintiffs Credit reports, and failed to provide proof of the alleged account. The Defendant continued their wrongful actions by reporting erroneous and inaccurate information of the alleged account in Plaintiff credit report, in which, violated the civil rights of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681. The alleged debt or any monies alleged to be owed are not in question here, but the fact as to how the wrongful action of the Defendant violated Plaintiff Civil Rights.

### "DEMAND FOR JURY TRIAL"

9.  Plaintiff "DEMAND FOR JURY TRIAL", pursuant to Fed. R. Civil P. 38.

REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES.

Plaintiff respectfully Demand that this Honorable Court instruct the jury, as the Trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendant under the provisions of the Fair Credit Act and/or states laws.

### PRELIMINARY STATEMENT

10. The Defendant is a Credit Lender/Information Provider as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer. Under the facts pled in this case, Plaintiff has set forth a cognizable claim as to why Defendant failed to comply with the FCRA, and request relief.

### INTRODUCTION

11. On or about Dec. 2010 the Plaintiff obtained copies of his credit reports from the three national credit reporting agencies Trans Union, Experian and Equifax. Upon inspection the Plaintiff found that the Defendant has been reporting erroneous and inaccurate information in all three Credit Reporting Agencies-Trans Union, Experian, and Equifax.

12. On or about Feb. 28, 2011 Plaintiff join a credit monitoring service named "Privacy Guard" to monitor the national reporting agencies, Trans Union, Experian, and Equifax. The Plaintiff Disputed with Defendant asking for proof of the alleged account they reported, on or

3

FIRST AMENDED COMPLAINT

about Feb. 24, 2011 via U.S. Postal Service Certified Mail Return Receipt and said letter was

received by Defendant on or about Feb. 28, 2011, as identified on the return receipt.

13.  The Defendant continues reporting erroneous and inaccurate information after being

informed by the CRA's, and did not do an reasonable investigation, even after receipt of dispute

letter.  The Defendant did not mark Plaintiff credit report account as "disputed" with the Credit

Reporting Agencies, and as of today's date it still does not say "dispute",  as documented in the

monthly updated credit reports supplied by monitoring service.

14.  The Defendant failed to conduct a corresponding reasonable investigation of accuracy

upon the dispute letter they received from Plaintiff, also once CRA's contacted them of dispute

from Plaintiff, they are required to reasonably investigate and have the systems in place to

prevent errors, which are the Defendant responsibility.  The Defendant **failed to mark the alleged**

**account in dispute**, **continuing updating on a monthly basis erroneous and inaccurate**

**information** in the Plaintiffs Credit reports **after being duly informed by CRA's,** and **failed to**

**provide proof of the alleged account.**

15. The Plaintiff contacted  the three national credit reporting agencies; Experian, Equifax,

and TransUnion, via the U.S Postal Service with a "Letter of Dispute" to have them reinvestigate

the erroneous and inaccurate reporting by Defendant.  The letters were also sent U.S Postal

Service Certified Mail, with return receipts as follows:

16.Trans Union,  the Plaintiff disputed the erroneous and inaccurate information via U.S.

Postal Service Certified Mail Return Receipt on March 7, 2011 and said letter was received on

March 10, 2011.

17.  Experian, the Plaintiff disputed the erroneous and inaccurate information via U.S. Postal

Service Certified Mail Return Receipt on March 7, 2011 and said letter was received on March 10,

2011.

18.  Equifax, the Plaintiff disputed the erroneous and inaccurate information via U.S. Postal

Service Certified Mail Return Receipt on March 7, 2011 and said letter was received on March 11,

2011.

19. All Credit Reporting Agencies listed above sent a consumer disclosure to Plaintiff stating

that they have contacted the Defendant and they "Confirm" that the information is being

FIRST AMENDED COMPLAINT

4

1   reported correctly and "Verified". The Plaintiff can show the Defendant did not conduct a

2   reasonable investigation once they were contacted by CRA's.

3      20. The Defendant must inform the Three Major Credit Reporting Agencies that the alleged

4   account of Plaintiff is "Disputed", which the Defendant has not done as of today's date. The

5   Defendant has damaged the Plaintiff Credit Report, Credit Score, and Reputation by continued

6   reporting and updating monthly erroneous and inaccurate information in the Plaintiff credit

7   report for more than six months. The Defendant failed to provide proof, of the disputed

8   information they sent to the CRA of the alleged account. The Defendant is in violation of FCRA

9   pursuant to *15 U.S.C. § 1681 et seq. Therefore,* Plaintiff have no other choice but to seek relief

    through this Honorable Court.

10      21. On or about August 11, 2011 Defendant received a notice of pending lawsuit, the Plaintiff

11   have made every effort to resolve these issues amicably with the Defendant, the Defendant

12   would not meet and confer with Plaintiff. The Defendant would not come to the table to resolve

13   these issues, which lead to no other recourse for this Plaintiff but to seek justice by this

14   honorable court.

15      22. The Defendant is in violation the Fair Credit Reporting Act [15 U.S.C. § 1681s-2], *et seq.* As

16   follows:

17        A. Failure to inform the Equifax, Experian, and TransUnion reporting agencies that the

18   alleged account is in dispute and failing to do so for the past six months.

19        B. Updating the Plaintiffs Equifax, Experian, and TransUnion credit reports over the past six

20   months with this erroneous and inaccurate information.

21        C. Defendant failure to conduct a corresponding reasonable investigation concerning the

22   Plaintiff's complaint, and failed to provide any proof of the disputed alleged account.

23      *23. Plaintiff re-alleges the allegation set forth in paragraph 1-22.*

24

25                 **Count I against the Defendant under FCRA**

                   **violation of 15 U.S.C. § 1681s-2(b)**

26

27      24. The **Plaintiff properly notified the credit reporting agency, Trans Union, Experian, and**

28   **Equifax** of a dispute regarding complete inaccuracy of information reported by Defendant (See.

FIRST AMENDED COMPLAINT

¶¶16-18).  The Defendant continues to issue and/or publish report(s) to the various credit reporting agencies which contained erroneous, inaccurate and false information about the Plaintiffs month after month, **and did not conduct a reasonable investigation.**

25. The **Defendant has not placed Plaintiff's credit report in dispute** when they received a dispute letter on or about Feb. 28, 2011, and is still undisputed as of today's date in all three credit reporting bureaus.  The **Defendant has failed to indicate that the alleged account is in dispute.**

26. The Plaintiff asserts that he received notification that the **Defendant was notified by the consumer reporting agencies of a dispute from Plaintiff,** indicating the accuracy and completeness of information provided by the agencies of his dispute, pursuant to section 1681(i), and Defendant failed to (1) conduct a reasonable investigation, (2) review any information provided by the CRA, (3) report the results of the investigation to the CRA, (4) report any inaccuracies to all CRAs which may have received the inaccurate information, and (5) correct any inaccuracies in the information it provides.

27. The Defendant failed to reasonably investigate once notified from the CRA's and the Plaintiff of a dispute.  **The Defendant failed to provide to the Plaintiff  proof of the alleged account**, or information that is of substantive relevance to its investigation, yet the Defendant continues to publish inaccuracies to the CRA .  The Defendant knew it possessed inaccurate information, and consciously avoided such knowledge.  The Defendant failed to go beyond the information contained on its computer screens.

28. The Plaintiff can prove/provide beyond doubt; (1) that he filed a Dispute with the CRA's concerning the inaccuracy of information furnished by Defendant;  (2) that Defendant was notified of a dispute by the CRA's about Plaintiff's dispute; (3) that Defendant was notified of Dispute of inaccurate and erroneous information by Plaintiff; and (4) that Defendant failed to conduct a corresponding reasonable investigation concerning the Plaintiff's dispute, failed to mark plaintiff account in dispute, and failed to provide any proof of the alleged account.

29. As a result the Defendant has Damaged Plaintiff Credit Score, Credit Report and Reputation by saying he doesn't pay his bills.  As a result Plaintiff had credit denial, and higher interest rates.

6

FIRST AMENDED COMPLAINT

30. <u>FRCA Violation § 623(b) Duties of furnishers of information upon notice of dispute;15</u>
<u>U.S.C. § 1681s-2(b); 1681i</u>

1681s-2(b) places responsibility on furnishers of information when a consumer disputes the accuracy of the information.  § 1681s-2(b) as "provid[ing] some private remedy to injured consumers".

31. The Plaintiff is entitled to statutory damages from Defendant, in the amount of $1,000.00 per incident.  This incident has occurred daily since March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax, therefore;

32. **The Plaintiff is entitled to statutory damages in the amount of $1,000.00 from Defendant, per day from March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax.**

33. *Plaintiff re-alleges the allegation set forth in paragraph 24-32.*

<u>Count II against the Defendants under FCRA</u>

34. The Defendant was sufficiently notified of the complete inaccurate and erroneous errors in Plaintiff's Credit Report.  The Plaintiff sent a Dispute letter to Defendant on or about Feb. 24, 2011 via U.S. Postal Service Certified Mail Return Receipt and said letter was received on Feb. 28, 2011, as identified on the return receipt

35. The Defendant continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information about the plaintiffs.  The plaintiff has disputed with the Defendant and all three credit reporting agencies in the same time frame and the -Defendant has not complied within the FCRA.  The Defendant continued reporting the erroneous and inaccurate information month after month after being informed of dispute by the CRA's of Plaintiff claim of  FCRA violations.

36. The Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's reputation by saying that the Plaintiff doesn't pay his bills.

37. As a result Plaintiff had credit denial, and higher interest rates.  The Plaintiff can prove beyond doubt; (1) that he filed a Dispute with the CRA's concerning information furnished by Defendant;  (2) that Defendant was notified of any dispute by the CRA's; (3) that Defendant was

FIRST AMENDED COMPLAINT

1  notified of Dispute of inaccurate and erroneous information by Plaintiff; and (4) that Defendant

2  failed to conduct a reasonable investigation concerning a Plaintiff's complaint.

3      **38. <u>Reporting erroneous and inaccurate information According to the Fair Credit</u>**

4  **<u>Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting</u>**

5  **<u>agencies:</u>**

6      39. The Plaintiff is entitled to statutory damages from Defendant for continues collection

7  activity, in the amount of $1,000.00 per incident.  This incident has occurred daily since March 1,

8  2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and

9  Equifax, therefore;

10      **40. The Plaintiff is entitled to statutory damages in the amount of $1,000.00 from**

11  **Defendant First Premier Bank, per day from March 1, 2011, to the present day, times 3(three)**

12  **credit reporting agencies, Trans Union, Experian, and Equifax.**

13      *41. Plaintiff re-alleges the allegation set forth in paragraph 34-40.*

14                  <u>Count III against the Defendants under FCRA</u>

15      42. The Defendant who were aware of their violations and failed to comply or mitigate the

16  issues, with **willful noncompliance** and failed to mark Plaintiff credit report in dispute is in

17  violation of the FCRA.

18      43. Defendant failed to correct the Plaintiffs credit reports, even after being informed of

19  dispute from CRA's and continued reporting erroneous information after being duly informed,

20  which is in violation of the FCRA.  The Defendant has damaged the Plaintiff's credit score,

21  credit report, and Plaintiff's reputation by saying that the Plaintiff doesn't pay his bills.

22      44.  As a result Plaintiff had credit denial, and higher interest rates.  Any person who willfully

23  fails to comply with any requirement of this Act with respect to any consumer is liable to that

24  consumer for actual damages, attorney fees and cost as court may allow.

25      **45. Civil liability for willful noncompliance [15 U.S.C. § 1681n]; FCRA Section 616**

26  The Plaintiff is entitled to damages from Defendant for willful noncompliance, in the amount of

27  $1,000.00 per incident.  This incident has occurred daily since March 1, 2011, to the present day,

28  times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax, therefore;

FIRST AMENDED COMPLAINT

46. The Plaintiff is entitled to statutory damages in the amount of $1,000.00 from Defendant First Premier Bank, per day from March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax.

47. Plaintiff re-alleges the allegation set forth in paragraph 42-46.

///

///

## Count IV against Defendant under FCRA

48. The Defendant who were aware of their violations and failed to comply or mitigate the issues, with **negligent noncompliance and continued** reporting erroneous information is in violation of the FCRA.

49. Defendant failed to correct the Plaintiffs credit reports, even after being informed of dispute from CRA's and continued reporting erroneous information after being duly informed, which is in violation of the FCRA. The Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's reputation by saying that the Plaintiff doesn't pay his bills.

50. As a result Plaintiff had credit denial, and higher interest rates. Any person who negligently fails to comply with any requirement of this Act with respect to any consumer is liable to that consumer for actual damages, attorney fees and cost as court may allow.

51. **Civil liability for negligent noncompliance [15 U.S.C. § 1681o]; FCRA Section 617** The Plaintiff is entitled to damages from Defendant for negligent noncompliance, in the amount of $1,000.00 per incident. This incident has occurred daily since March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax, therefore;

52. **The Plaintiff is entitled to statutory damages in the amount of $1,000.00 from Defendant First Premier Bank, per day from March 1, 2011, to the present day, times 3(three) credit reporting agencies, Trans Union, Experian, and Equifax.**

53. As this honorable court may allow this Plaintiff to reserve the right to amend his complaint to add the violation of California Consumer Protection Act, also known as Rosenthal Act. The Plaintiff would also like to reserve his rights to amend his complaint to add the Cal. Bus. & Prof. Codes.

54. Plaintiff re-alleges the allegation set forth in paragraph 48-53.

9

## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

WHEREFORE, Plaintiff respectful requests that relief be granted as follows:

   a. For actual damages according to proof, plus interest thereon as provided by law;

   b. For pre and post judgment interest;

   c. For general damages;

   d. For treble damages;

   e. For award to Plaintiff of Statutory and Actual damages;

   f. For awards to Plaintiff of the cost of actual and reasonable Attorney General fees of $3000.00 as prescribed by law *Graziano v. Harrison, 950 F.2d 107,* 113 *(3d Cir. 1991),* 15 *U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing Services, Inc., F.3d- (1997 WL 695401, 7th Cir.)* or 128 *F. 3d* 1164 *(7th Cir.,* 1997).

   g. For any other damages the court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted this 29nd Day of August 2011.

Deon L. Thomas, Pro Se', Without Prejudice, All Rights Reserved
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>

10

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)<br>Deon L. Thomas, Pro Se' | **DEFENDANTS**<br>First Premier Bank and Does 1 through 10 |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Deon L. Thomas, Pro Se'<br>14626 Red Gum St.<br>Moreno Valley, CA 92555 | **Attorneys** (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** – For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CRA title 15 sec.1681, they failed to mark the alleged account in Dispute, reporting erroneous and inaccurate information, failed to prove debt.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV 11 - 06873 PA (DTBX)

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

AUG 2 6 2011

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | SIOUX FALLS, SD |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Glen L. Thomas, Without Prejudice_ Date _August 22, 2011_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |