*Lodged 2nd amended complaint*

FILED
2011 NOV -7 AM 10:32
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

Deon L. Thomas, Pro Se'
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071/951-242-7015
dlthomas32@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon L. Thomas  Pro Se'<br>Plaintiff<br><br>V.<br><br>First Premier Bank, First National Collection Bureau, Inc.<br>Defendants and Does 1 through 10 | Case No: 2:11-cv-06873 PA(DTBx)<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT MEMORANDON POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Scheduling Conference: 12/12/2011<br>Time: 1:30 p.m.<br>Courtroom: 15<br>Judge: Percy Anderson |

## NOTICE OF MOTION

1. PLEASE TAKE NOTICE that on Dec. 12, 2011, in courtroom 15 of the Honorable Judge Percy Anderson, located at 312 Spring Street, Los Angeles, CA, in the hour of 1:30p.m., Deon L. Thomas ("Plaintiff") will move and hereby does move for leave to file its Second Amended Complaint and this motion be deemed filed, pursuant to Federal Rule of Civil Procedure 15(a)(2).

2. The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Plaintiff Second Amended Complaint

herewith, on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

3. Through this motion, Plaintiff seeks leave to file its Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff's Second Amended Complaint, attached hereto as Exhibit A, adds an additional Defendant First National Collection Bureau, Inc. ("First National") with factual allegation of violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and California Rosenthal Fair Debt Collection Practice Act "(Rosenthal"), California Civil Code § 1788 et seq., relating to Plaintiff's previously asserted claims. The Plaintiff claim is based on new information that Plaintiff has learned and discovered since the filing of its original complaint.

4. Plaintiff's Second Amended Complaint is timely, does not cause any prejudice to First Premier Bank("Premier") and should be permitted.

## II. STATEMENT OF FACTS

5. Plaintiff filed his initial lawsuit on August 26, 2011 (Docket # 3). Plaintiff filed a First Amended Complaint Sept. 1, 2011(Docket # 9). First Premier Bank answered first amended complaint on Sept. 20, 2011 (Docket # 12). Scheduling and Case Management Conference will be held on Nov. 14, 2011. First Premier Bank and Plaintiff agreed to a cut-off deadline for motions on July 15, 2012 to amend pleadings and add parties.

6. First National sent a collection notice to the Plaintiff on or about Aug. 28, 2011, of an alleged debt that was owed to Premier, and notice was received after litigation began with Premier.

7. Plaintiff has later discovered additional information and violations of conducts from letter received from First National, necessitating the filing of this

Second Amended Complaint. Plaintiff's contacted Premier Counsel to seek Premier written consent through stipulation to amend, pursuant to Federal Rule of Civil Procedure 15(c).

8. However, Premier has not consented to the filing of this Second Amended Complaint as of the time of this filing. Accordingly, Plaintiff seeks an order permitting Plaintiff to file this proposed Second Amended Complaint.

### III. ARGUMENT

#### A. Leave Should Be Granted To Amend the Complaint.

#### 1. Leave Is Freely Granted.

9. Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCDPrograms, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, *3-15 Moore's Federal Practice - Civil* § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The primary factors relied upon by

the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

**B. Amendment Should Be Permitted.**

10. Plaintiff's Second Amended Complaint is timely and should be allowed. In its meet and confer of Scheduling and Case Management Order, Premier's counsel agreed to seek leave to amend to add new claims and/or parties until July 15, 2012. This motion is being filed prior to that deadline. Furthermore, Plaintiff falls well within the liberal standard for freely allowing the amendment of pleadings. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . .the leave sought should, as the rules require, be 'freely given.'").

11. There is no prejudice to Premier. The parties' met and conferred of Scheduling and Case Management meeting, Premier stipulated to a July 15, 2012 deadline for amendment of the pleadings. Additionally, Plaintiff's Second Amended Complaint does not change the nature of the lawsuit, nor is Premier precluded from seeking discovery in relation to the Second Amended Complaint.

12. Premier will not be prejudiced by an order granting leave to file Plaintiff's Second Amended Complaint. Moreover, Plaintiff offers its Second Amended Complaint in good faith and without undue delay. Since filing its first amended complaint, Plaintiff has discovered new violations and information regarding First National notice of communications to Plaintiff in violations of FDCPA, and Rosenthal.

13. Violations and information supports Plaintiff's new claim under the FDCPA and Rosenthal as well as Plaintiff's assertion of additional details in support of its previously asserted claims. See *Coilcraft, Inc. v. Inductor Warehouse*, 2000 U.S.

Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit").

14.     In sum, Plaintiff's Second Amended Complaint was filed timely and in good faith, contains claims similar to those originally asserted and does not prejudice Premier.  Consequently, none of the factors on which courts base denial of motions for leave to amend are present here.  Thus, Plaintiff's motion for leave should be granted.

**IV. CONCLUSION**

15.     For the reasons discussed above, plaintiff respectfully seeks leave of this Court to file the proposed Second Amended Complaint.

DATED: November 7, 2011

Respectfully Submitted,

Plaintiff

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

Plaintiff, Deon L. Thomas, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil complaint NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDOM POINTS AND AUTHORITIES , SECOND AMENDED COMPLAINT AS EXHIBIT A, and I believe that all the facts contained in it are true to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. 1746(2), I Deon L. Thomas, hereby declares or (certifies or state) under penalty of perjury that the foregoing is true and correct.

Date: November 7, 2011

Deon L. Thomas, Pro Se'
14626 Red Gum St.
Moreno Valley, CA 92555
dlthomas32@gmail.com

## CERTIFICATE OF SERVICE

Plaintiff certifies servicing this **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDOM POINTS AND AUTHORITIES**, defendant listed below and the same to the court of record on or about November 7, 2011.

*/s/ Deon L. Thomas*
Deon L. Thomas, Pro Se'
14626 Red Gum St.
Moreno Valley, CA 92555
951-242-7015/951-413-9071
<dlthomas32@gmail.com>

Service to:

First National Collection Bureau, Inc.
601 Waltham Way
Sparks, NV 89434


HAIGHT BROWN & BONESTEEL LLP
William E. Ireland, Esq.
555 South Flower Street, Forty-Fifth Floor
Los Angeles, CA 90071
Attorney for First Premier Bank