UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. THOMAS,<br><br>      Plaintiff,<br><br>    v.<br><br>FIRST PREMIER BANK, et al.,<br><br>      Defendants. | Case No. CV 11-6873 PA (DTBx)<br><br>CIVIL TRIAL ORDER |

      This matter is set for trial before the Honorable Percy Anderson, Courtroom No. 15 (1st Floor, Spring Street level), United States Courthouse, 312 North Spring Street, Los Angeles, California. The Court's procedures and requirements for civil trials are set forth below:

### FINAL TRIAL EXHIBIT STIPULATION

      1.    The parties shall prepare a final Trial Exhibit Stipulation which shall contain each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response. All exhibits to which there is no objection shall be deemed admitted. All parties shall stipulate to the authenticity of exhibits whenever possible, and the final Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.

1       The Stipulation shall be substantially in the following form:

2                            Trial Exhibit Stipulation

3 <u>Plaintiff(s)' Exhibits</u>

4 <u>Number</u>      <u>Description</u>   <u>If Objection, State Grounds</u>     <u>Response to Objection</u>

5

6 <u>Defendant(s)' Exhibits</u>

7 <u>Number</u>      <u>Description</u>   <u>If Objection, State Grounds</u>     <u>Response to Objection</u>

8

9       The final Trial Exhibit Stipulation shall be filed five days before trial. Failure to

10 comply with this paragraph shall constitute a waiver of all objections.

11                            **MOTIONS IN LIMINE**

12     1.     Motions in limine are not to be used as disguised motions for summary

13 judgment. Their purpose is limited to alerting the Court to significant evidentiary issues that

14 can be addressed and resolved prior to trial.

15     2.     Before filing any motion in limine, Counsel are to meet and confer regarding

16 the potential evidentiary dispute, and the Court is to be advised in the motion that such

17 meeting has occurred. If either party refuses to participate in the meet and confer process,

18 the Court will impose sanctions including a resolution of the issue against the party refusing

19 to cooperate.

20                       **THE COMMENCEMENT OF THE TRIAL**

21     1.     Counsel shall arrive in the Courtroom at 8:30 a.m. on the first day of trial for

22 the purpose of handling logistical and administrative matters pertaining to the trial, including

23 the submission of exhibits as discussed below.

24     2.     Counsel shall present the Courtroom Deputy with the following documents on

25 the first day of trial:

26         (a)     All of the original exhibits, with official exhibit tags attached in the

27 lower or upper right hand corner of the first page of each exhibit and bearing the same

28 number shown on the exhibit list. Counsel shall assemble their Exhibits by placing them in

(Rev. 2/16/03)

3-ring binders with each Exhibit separated by a tab divider on the right side. These exhibits shall be numbered in accordance with Local Rules 16-5 and 26-4. Each binder shall contain a Table of Contents.

(b) One bench book with a copy of each exhibit for the Court's use, tabbed as described above.

(c) In addition to the exhibit binders, Counsel shall bring with them to the first day of trial three (3) copies of their exhibit list; three (3) copies of their final witness list in the order in which the witnesses will be called to testify and (3) copies of the Joint Trial Witness Time Estimate Form. A copy of the exhibit list with all **admitted exhibits** will be given to the jury during deliberations. Counsel shall review and approve the exhibit list with the Courtroom Deputy before it is given to the jury.

(d) Not later than fourteen (14) days before trial, all counsel shall meet to stipulate to the extent possible to foundation, and which exhibits may be received into evidence at the start of trial. Counsel shall note the exhibits to be received into evidence on the exhibit list.

3. If Counsel need to arrange for the installation of their own additional equipment, such as video monitors, overhead projectors, etc., notify the Courtroom Deputy no later than 4:30 p.m. the Thursday BEFORE trial so that the necessary arrangements can be made.

4. Trials are conducted Tuesday through Friday from 8:00 a.m. to 1:30 p.m., with two fifteen (15) minute breaks.

5. Counsel in advance of trial, or at least before the witness testifies, is to notify the clerk – preferably in writing – what exhibits the witness will be asked to testify about. The clerk then places those exhibits before the witness at the beginning of that witness' testimony, each clearly labeled.

6. Before trial commences, the Court will give Counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues. On the first day of trial, this will include a final discussion of voir dire questions and the content of the joint

-3-

(Rev. 2/16/03)

1  statement. During the trial, the court will not hold bench or chambers conferences, it is the
2  intention of the court that trial testimony will be presented without interruption for five or
3  six hours each day, and all legal issues of importance must be raised in advance of trial by
4  written noticed motions. If there are any matters Counsel wish to discuss, inform the
5  Courtroom Deputy and the matter can be heard at the next recess or the next day.

## WITNESSES

7      1.    The parties are to exchange final witness lists in the order in which the
8  witnesses will be called to testify together with a final joint trial witness time estimate form
9  five (5) days prior to trial. Courtesy copies of the final witness lists and final joint trial
10 witness estimate form shall be delivered to the courtesy box on the wall outside the entrance
11 to chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street, by
12 4:00 p.m. on the date due.

13     2.    Plaintiff must advise defendant, no later than noon on the Friday before the
14 commencement of trial, the names of the witnesses in the order in which they will be called
15 to testify on the first Tuesday and Wednesday of trial. Failure to adhere to this provision of
16 the Court's order may result in the Court precluding the witness from testifying at trial.

## TIME LIMITS

18     1.    The Court will, in every case, impose time limits on the amount of time each
19 side will have for opening statement, witness examination and closing argument.

## COURT TRIALS

21     The Court orders that counsel comply with the following in their preparation for trial.
22     1.    All counsel are to be completely familiar with the Federal Rules of Civil
23 Procedure and the Local Rules of this Court.
24     2.    All counsel are to prepare proposed <u>findings of fact and conclusions of law</u>
25 (the original and one copy are to be lodged with the Court and <u>three</u> copies are to be served
26 on opposing counsel). These findings of fact and conclusions of law are to be lodged with
27 the court and served on or before twenty-one (21) days prior to trial. Upon receiving these
28 proposed findings of fact and conclusions of law from opposing counsel, each party shall:

-4-

(Rev. 2/16/03)

        (A)    Underline with <u>red</u> pencil those portions which it disputes.

        (B)    Underline with <u>blue</u> pencil those portions which it admits.

        (C)    Underline with <u>yellow</u> pencil those portions which it does not dispute but deems irrelevant.

3. In this connection, counsel are to note that they <u>need not come to a uniform conclusion</u> as to the entire proposed finding or, indeed, an entire sentence within a proposed finding. They may agree with part of it, disagree with part of it and/or consider a portion of it irrelevant.

4. Upon completion of the foregoing, each counsel shall file two (2) marked copies of opposing counsel's proposed findings of fact and conclusions of law with the court and return one marked copy to opposing counsel no later than seven (7) days prior to trial.

5. The parties shall be prepared to submit to the court, and to exchange among themselves, supplemental findings of fact and conclusions of law during the course of the trial, with respect to which the same underlining procedure may be ordered.

6. Counsel in non-jury trials shall submit the direct testimony of their witnesses in writing in a declaration executed under penalty of perjury. These declarations shall be in admissible form with appropriate foundation established for the declarant's statements. Paragraphs in each declaration shall be numbered consecutively to facilitate the identification of paragraphs for evidentiary objections.

7. Counsel are to exchange and file these declarations with the Court at least fourteen (14) days before trial, unless otherwise ordered by the Court. Seven (7) days before trial, Counsel may file a separate document stating any evidentiary objections to those declarations. Courtesy copies of the evidentiary objections shall be delivered to the courtesy box on the wall outside the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street, by 4:00 p.m. on the date due.

8. At trial, the Court will rule on the evidentiary objections and, depending upon the ruling, the declarations will be received in evidence, either in whole or in part, or

rejected. Counsel will then conduct the cross-examination and re-direct examination at trial. This order does not apply to rebuttal witnesses.

9.  Failure to comply with the literal terms of this Order will result in sanctions or the Court may refuse to allow that witness to testify.

## **VOIR DIRE AND JURY SELECTION**

1.  The Court will conduct voir dire after conferring with Counsel regarding potential areas of questioning. A portion of the voir dire may be based on written questions given to the jurors when they arrive at Court.

2.  In most cases, the Court will conduct its initial voir dire of 14 prospective jurors who will be seated in the jury box. Normally the Court selects a jury of eight.

3.  Except in an unusual case, each side will have three peremptory challenges. Therefore, if 14 jurors are in the box and all six peremptories are exercised, the remaining eight jurors will constitute the jury panel. If fewer than six peremptories are exercised, the eight low-numbered jurors (by seat number in the jury box) will constitute the jury panel.

## **INSTRUCTIONS GOVERNING PROCEDURE DURING TRIAL**

1.  Counsel are expected to cooperate with each other during trial to insure the efficient and expeditious use of court and juror time.

2.  Counsel shall not refer to their clients or any witness over 14 years of age by their first names during trial.

3.  Do not discuss the law or argue the case in opening statements.

4.  Do not use objections for purposes of making a speech, recapitulating testimony, or attempting to guide the witness. When objecting, state only that you are objecting and the specific legal ground of the objection, e.g., hearsay, irrelevant, etc. The court will not hear arguments on ordinary evidentiary issues. Most unusual or complex evidentiary issues can be foreseen and disposed of in advance; those that cannot ordinarily will be disposed of at the next recess, with the witness retained until the issue is resolved.

5.  Counsel should not paraphrase the witness' answer into a new question which asks the same thing. For example:

-6-
(Rev. 2/16/03)

    (a) Do I understand you to mean that . . .

    (b) Is it your testimony then that . . .

    (c) Is it fair to say that . . .

    (d) Can we assume then that . . .

    (e) So that I am clear . . .

There is no need to hear the testimony of the witness two or three times. In addition having been asked and answered, often these questions are argumentative.

  6. Counsel are to have their witnesses review all exhibits about which they will be questioned.

  7. In multi-party cases, Counsel are expected to coordinate their cross-examination. The Court will not permit each party's counsel to repeat previous cross-examination questions.

  8. Do not allow witnesses either to draw diagrams or put markings on exhibits while the jury is in the box. Diagrams or exhibits should be drawn or marked by the witness before getting to the stand. The witness may then adopt the diagrams and markings and tell the jury what they represent.

  9. Do not approach the Courtroom Deputy or the witness box without the Court's permission. Please return to the lectern when your purpose has been accomplished. Do not enter the well of the Court without the Court's permission.

  10. Please rise when addressing the Court, and when the jury enters or leaves the courtroom.

  11. Address all remarks to the Court. Do not directly address the Courtroom Deputy, the reporter or opposing counsel. If you wish to speak with opposing counsel, ask permission to talk to counsel off the record. All requests to re-read questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

  12. Although the Court encourages the parties to stipulate to facts that are not reasonably in dispute, do not offer a stipulation unless you have previously conferred with opposing counsel and reached an agreement.

(Rev. 2/16/03)

13. All depositions to be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Courtroom Deputy on the first day of trial or such earlier date as the Court may order. If deposition transcripts available on diskette or (C.D. CAL., they should be lodged with the hard copy.

14. Whenever Counsel expects to offer a group of answers to interrogatories or requests for admissions, extracted from one or more lengthy documents, Counsel shall prepare a new document listing each question and answer and identifying the document from which it was extracted. Copies of this new document should be given to the Court and opposing counsel.

15. While court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

16. When a party has more than one lawyer, only one may conduct the examination of a given witness and only that lawyer may handle objections during the testimony of that witness.

17. If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when court resumes.

18. Do not run out of witnesses. If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

19. Counsel are advised to be on time as the Court starts promptly.

**POST TRIAL EXHIBIT LIST**

1. At or before the conclusion of the evidence, counsel of reach party shall submit a "clean" list of only those exhibits offered by such party that have been admitted into evidence. Such lists shall be in a form suitable for submission to the jury and shall set forth the following information with respect to each exhibit to the extent applicable:

    (A)    Exhibit Number

    (B)    Date

-8-

(Rev. 2/16/03)

(C) A brief description of the exhibit that will enable jurors to identify it but which does not characterize the exhibits or its contents (e.g., letter from A to B; photograph of 100 Main Street).

IT IS SO ORDERED.

DATED: November 15, 2011

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

(Rev. 2/16/03)

-9-